IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **COLLABO INNOVATIONS, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| **SILICONWARE USA, INC.** and | § | |
| **SILICONWARE PRECISION** | § | **JURY TRIAL DEMANDED** |
| **INDUSTRIES CO. LTD.** | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Collabo Innovations, Inc. ("Plaintiff") by and through their undersigned counsel, file this Original Complaint against Defendants Siliconware USA, Inc. and Siliconware Precision Industries Co., Ltd. ("SPIL") (collectively "Defendants") as follows:

## THE PARTIES

1. Collabo Innovations, Inc. is a Delaware corporation with its principal place of business at 600 Anton Blvd., Suite 1350, Costa Mesa, California, 92626.

2. Upon information and belief, Siliconware USA, Inc. is a corporation organized under the laws of the State of California, and upon information and belief claims as its principle place of business 1735 Technology Drive, Suite 300, San Jose, California 95110. Siliconware USA, Inc. may be served with process by serving its registered agent, and Senior Vice President Ray Harris at its registered office street address at 417 Oakbend, Suite 130, Lewisville Texas 75067.

3. Upon information and belief, Siliconware Precision Industries Co., Ltd. is a corporation organized under the laws of Taiwan, Republic of China, and has a principal place of business at No. 123, Sec. 3, Da Fong Rd., Tantzu, Taichung 427, Taiwan, R.O.C..

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338.

5. As further detailed herein, this Court has personal jurisdiction over Defendants. Defendants have conducted and continue to regularly conduct business within the United States and this District. Defendants are a backend integrated circuit packaging provider that includes integrated circuit packaging design and assembly and testing. Defendants' integrated circuit products are found in and its integrated circuit services are provided for a wide array of applications, ranging from computers, tablets, cellular phones, set-top boxes, LCD monitors, wearable devices, smart appliances, digital cameras and video game consoles.

6. In order to sell their products and services and support their customers and to provide and office for one or more of its corporate officers Defendants maintain one or more offices in Texas including a location at 417 Oakbend, Suite 130, Lewisville Texas 75067 and also maintain a franchise tax account with the Secretary of State of Texas for their business conducted in Texas and have designated a registered agent in Texas. Siliconware USA is a subsidiary of SPIL established to maintain various customer support bases in the United States. Defendants serve their customers through the customer support bases including the one(s) located in Lewisville, Texas.

7. Defendants have purposefully availed themselves of the privileges of conducting business in the United States, and more specifically in this District. Defendants have sought protection and benefit from the laws of the State of Texas by maintaining and regularly conducting

business in Texas and this District and also by placing infringing products into the stream of commerce through an established distribution channel with the expectation and/or knowledge that they will be purchased by consumers in this District.

8. Defendants, directly or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents, have and continue to ship, distribute, offer for sale, and/or sell products and services in the United States and this District. Defendants have purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation and/or knowledge that they will be purchased by consumers in this District. Defendants knowingly and purposefully have and continue to ship infringing products into this District through an established distribution channel. These infringing products have been and continue to be purchased by consumers in this District. Upon information and belief, Defendants have committed the tort of patent infringement in this District, have contributed to patent infringement in this District, and/or have induced others to commit patent infringement in this District.

9. Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b), in that, upon information and belief, Defendants have committed acts within this judicial District giving rise to this action and does business in this District, including but not limited to making sales in this District, providing service and support to its customers in this District, and/or operating an interactive website that is available to persons in this District, which website advertises, markets, and/or offers for sale infringing products.

## BACKGROUND

**A. The Patent-In-Suit.**

10. U.S. Patent No. 5,977,613, titled "Electronic Component, Method for Making the Same, and Lead Frame and Mold Assembly for use Therein," ("the '613 patent") was duly and

legally issued by the U.S. Patent and Trademark Office on November 2, 1999 after full and fair examination. Plaintiff is the sole owner of the '613 patent by assignment. A true and correct copy of the '613 patent is attached as **Exhibit A** and made a part hereof.

**B.      Defendants' Infringing Conduct.**

11.     Upon information and belief, Defendants make, made, use, used, offer, offered to sell, and/or sell, sold within, and/or imported, or import into the United States semiconductor devices that utilize technologies covered by the patent-in-suit. Upon information and belief, the infringing semiconductor devices include, but are not limited to, devices having leadless semiconductor packages. Upon information and belief, Defendants' semiconductor devices are incorporated into products including, but not limited to, cellular telephones, personal digital devices, and digital cameras that are made, used, offered for sale, and/or sold within, and/or imported into the United States, including this District.

## COUNT I

## Patent Infringement of U.S. Patent No. 5,977,613

12.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-11 as though fully set forth herein.

13.     The '613 patent is valid and enforceable.

14.     Defendants were not at any time, either expressly or impliedly, licensed under the '613 patent.

15.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the requirements of that statute by providing actual or constructive notice to Defendants of its alleged infringement.

16.     Upon information and belief, Defendants have been directly and literally infringing under 35 U.S.C. § 271(a) and/or indirectly infringing, by way of inducement with specific intent

under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '613 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, products containing semiconductor devices that include all of the limitations of one or more claims of the '613 patent, including, but not limited to QFN devices and other similar products.

17. Upon information and belief, Defendants have been directly and equivalently infringing under the doctrine of equivalents and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '613 patent by making, using, offering to sell, and/or selling to customers (including but not limited to On Semiconductor Corporation) and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, Quad Flat No-Leads ("QFN") package products sold by Defendants and semiconductor vendors including but not limited to Silicon Labs, Intersil, Vimicro Corp., Xilinx and Microchip products that include all of the limitations of one or more claims of the '613 patent, including, but not limited to the EZRadioPro family of products including for example ISM transceiver Si4432, and other similar products. The products containing these semiconductor devices perform substantially the same function as the inventions embodied in one or more claims of the '613 patent in substantially the same way to achieve the same result.

18. Upon information and belief, the products containing these semiconductor devices have no substantial non-infringing uses, and Defendants had knowledge of the non-staple nature of the products containing these semiconductor devices and the '613 patent throughout the entire

period of its infringing conduct or at least by July 16, 2015, when Defendant SPIL was formally placed on notice of its infringement through a letter sent via courier to Mr. C.W. Tsai, Vice Chairman and President of Siliconware Precision Industries Co. Ltd. No. 123, Da Fong Road, Sec.3 Taichung, 427 Taiwan which letter identified the patent-in-suit and infringing products.

## CONCLUSION

19. Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

20. Plaintiff has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiff is entitled to recover their reasonable and necessary attorneys' fees, costs, and expenses.

## JURY DEMAND

21. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

22. Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

    A. A judgment that Defendants have infringed the patent-in-suit as alleged herein, directly and/or indirectly by way of inducing or contributing to infringement of such patent;

    B. A judgment for an accounting of all damages sustained by Plaintiff as a result of the acts of infringement by Defendants;

      C.     A judgment and order requiring Defendants to pay Plaintiff's damages under 35 U.S.C. § 284, including up to treble damages for willful infringement as provided by 35 U.S.C. § 284, and any royalties determined to be appropriate;

      D.     A judgment and order requiring Defendants to pay Plaintiff's pre-judgment and post-judgment interest on the damages awarded;

      E.     A judgment and order finding this to be an exceptional case and requiring Defendants to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285; and

      F.     Such other and further relief as the Court deems just and equitable.

Dated: November 10, 2015                Respectfully submitted,

                                             **BRAGALONE CONROY P.C.**

                                             */s/ Monte Bond*
                                             Monte Bond (lead attorney)
                                             Texas Bar No. 02585625
                                             Jeffrey R. Bragalone
                                             Texas Bar No. 02855775
                                             Patrick J. Conroy
                                             Texas Bar No. 24012448

        Nicholas Kliewer
(*pro hac vice* to be filed)
Chase Tower, 2200 Ross Ave.
Suite 4500W
Dallas, Texas 75201
214-785-6670 Telephone
214-785-6680 Facsimile
mbond@bcpc-law.com
jbragalone@bcpc-law.com
pconroy@bcpc-law.com
nkliewer@bcpc-law.com

Attorneys for Plaintiff
**COLLABO INNOVATIONS, INC.**